# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | CASE NO. 4:16CR14-3 |
| --- | --- | --- |
| | ) | 4:19CV1221 |
| Plaintiff-Respondent, | ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) | |
| SHAYNE MASCARELLA, | ) | OPINION AND ORDER |
| Defendant-Petitioner. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter is before the Court on Defendant's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. (Doc. 148). For the following reasons, the Court **DENIES** Defendant's Motion.

## I. BACKGROUND FACTS

On January 12, 2016, the Grand Jury indicted Defendant and four others with various counts stemming from a narcotics distribution conspiracy. Count 100 of the Indictment alleged Defendant knowingly and intentionally distributed heroin which resulted in a death of a person, in violations of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). On March 1, 2017, Defendant executed a written Plea Agreement and pleaded guilty to Count 100 of the Indictment in exchange for the dismissal of the remaining counts. On June 21, 2017, the Court sentenced Defendant to 240 months imprisonment, followed by 5 years of Supervised Release. Defendant

appealed his Sentence. On February 20, 2018, the Sixth Circuit affirmed Defendant's conviction and sentence.

On May 20, 2019, Defendant executed the instant Motion under 28 U.S.C. § 2255, asking the Court to vacate his Sentence. He alleged one Ground for Relief:

> **GROUND ONE:** Counsel was ineffective for failing to in[v]estigate and research the case.
>
> **Supporting Facts**: Counsel violated Fed. R. Evidence Rule 106. Counsel advised [Defendant] that "It's no point in getting a toxicology report or a private investigator…" Defendant requested from his counsel that he obtain a toxicology report as well as hire a private investigator. The coroner's report was incomplete as pages 1 and 2 were missing. Counsel[']s erroneous advice was critical in [Defendant's] decision to plead guilty verse [sic] going to trial. Counsel advised [Defendant] that the only choice he had was to take a guilty plea.

(Doc. 148) (emphasis in original).

The Government responded on July 24, 2019 asking the Court to deny Defendant's Motion. On August 26, 2019, Defendant filed a Reply.

## II. LAW AND ANALYSIS

### A. Standard of Review

Section 2255 of Title 28, United States Code, provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

"In order to prevail upon a § 2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)).

Defendant's sole claim is that his counsel provided ineffective assistance. Defendant's argument however, is based on a misunderstanding of the law and the Government's burden of proof.[1] Upon a proper understanding, Defendant's claim of ineffective assistance of counsel is without merit.

**B.      21 U.S.C. § 841(b)(1)(C)**

Defendant's sole claim of ineffective assistance of counsel rests upon a misunderstanding of the sentencing enhancement contained in 21 U.S.C. § 841(b)(1)(C). According to Defendant, the victim's use of alcohol compounded the heroin's effect which caused the overdose. Defendant seems to imply that, without the influence of alcohol, the victim would not have died.

Section 841(b)(1)(C) mandates a minimum term of imprisonment of twenty years to a maximum term of life in instances where "death or serious bodily injury results from the use of" a controlled substance. 21 U.S.C. § 841(b)(1)(C). The "death…results" language has been heavily litigated throughout the country. In *Burrage v. United States*, the Supreme Court held in interpreting this section that "where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death…a defendant cannot be liable for the penalty enhancement under § 841(b)(1)(C) unless such use is a but-for cause of the death[.]" 571 U.S.

---

[1] In his Motion, Defendant also asserts counsel violated Federal Rule of Evidence 106. He does not elaborate on this assertion. In fact, Defendant seems to abandon the claim in his Reply. Moreover, the Court is confused by the claim. In any event, the Court agrees with the Government's position on the matter and adopts it in full.

204, 218-19 (2014).  The Sixth Circuit has held that "[b]ut-for causation exists where use of the controlled substance 'combines with other factors to produce' death, and death would not have occurred 'without the incremental effect' of the controlled substance.  *United States v. Volkman*, 797 F.3d 377, 392 (6th Cir. 2015) (quoting *Burrage*, 571 U.S. at 211); *United States v. Hamm*, --- F.3d ----, 2020 WL 1071040, at *5 (6th Cir. Mar. 6, 2020) (same); *United States v. Noble*, 2017 WL 626130, at *6 (N.D. Ohio Feb. 15, 2017) (Lioi, J.) (same).

Defendant reliance on the presence of alcohol in the victim's blood is misguided.  First, it appears the amount of heroin in the victim's blood was an independently sufficient cause of death.  The Trumbull County Medical Examiner and Coroner Report confirmed that "the level of heroin derived morphine reported is in the lethal range."  (Doc. 157-2, PageID: 1071).  Moreover, "no other drugs were found in the blood" and "[t]he level of ethanol [alcohol] reported is below the lethal range." (*Id.*).  The Coroner concluded that, "based upon the results of toxicology, this is a drug related death due to the toxic effects of heroin." (*Id.*).

Moreover, even if the death were the result of the "synergistic effect" of alcohol and heroin as Defendant argues, this satisfies the standard under *Burrage*'s 'but-for' test.  Defendant does not argue that the alcohol alone was enough to cause the death of the victim.  Rather, it was the heroin's 'incremental effect' that produced the death.

Since Defendant's understanding of the law was misguided, his general premise of his ineffective assistance of counsel claim fails.  With the proper understanding of the law in mind, Defendant cannot satisfy his claim of ineffective assistance of counsel.

## C.    Ineffective Assistance of Counsel

To prevail on his claim of ineffectiveness assistance of counsel, Defendant "must meet the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984), and subsequently

tailored to the guilty-plea context, *see Lafler v. Cooper*, 566 U.S. 156, 162-63 (2012)." *Rodriguez-Penton v. United States*, 905 F.3d 481, 486 (6th Cir. 2018). Under the performance prong, Defendant must show "that counsel's representation fell below an objective standard of reasonableness." *Lafler*, 566 U.S. at 163. Under the prejudice prong, and in the context of pleas, Defendant "must show the outcome of the plea process would have been different with competent advice." *Id.* Where ineffective assistance leads to the acceptance of a guilty plea, Defendant must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

      *i.*      *Inadequate Performance*

Defendant has not demonstrated that his counsel's performance "fell below an objective standard of reasonableness." "There is a strong presumption that counsel's performance falls within the 'wide range of professional assistance.'" *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (quoting *Strickland*, 466 U.S. at 689). As such, "counsel's competence…is presumed." *Id.* at 384. A defendant then must rebut this presumption by proving "that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." *Id.* at 381. Court's judge a counsel's performance at the time of the alleged error under a deferential review. *Id.*; *see also*, *Logan v. United States*, 910 F.3d 864, 872 (6th Cir. 2018) ("Hindsight…is not the lens through which we grade attorney performance"). "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. "[A] particular decision not to investigate must be directly assessed for reasonableness in all circumstances, applying a heavy measure of deference to counsel's judgments." *Id.*

Here, Attorney Gentile's decision to not obtain an independent investigator was reasonable. He received all discovery, which included the autopsy report. He discussed the autopsy with Defendant. As discussed above, it appears very likely that the heroin served as an incremental effect toward the death of the victim. Thus, Attorney Gentile properly understood the facts and applied them correctly to the law.

Moreover, Attorney Gentile also received other evidence that demonstrated Defendant's guilt as to the other counts. Facing the amount and quality of evidence possessed by the Government, Attorney Gentile made a reasonable decision to pursue a plea. By doing so, he afforded Defendant a lower guideline range. Furthermore, a plea deal allowed the Court to impose a sentence below what would have been a mandatory minimum period of incarceration.

Accordingly, Attorney Gentile provided reasonable assistance to Defendant.

*ii.  Resulting Prejudice*

Furthermore, Defendant has not demonstrated prejudice. When a defendant alleges ineffective assistance of counsel while leading up to his guilty plea, he must also show that, "but-for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. "[A] [defendant] 'cannot make that showing merely by telling the court now that she would have gone to trial then if she had gotten different advice.'" *Shimel v. Warren*, 838 F.3d 685, 698 (6th Cir. 2016) (quoting *Pilla v. United States*, 668 F.3d 368, 373 (6th Cir. 2012)).

Defendant has not made this showing. Rather, Defendant claimed that he would not have accepted counsel's advice and would not have pleaded guilty since the Government could not independently establish the victim's use of the heroin was the but-for cause of the death. (Doc. 160, PageID: 1110). But as discussed above, Defendant misunderstood the Government's

burden of proof. Further, Defendant forgets about the other 36 counts he faced. He makes no mention that he would proceed to trial on each of those counts.

Finally, Defendant ignores his statements before the Court where he admitted the Government could prove certain facts, including the fact that Defendant sold heroin to an individual who died after ingesting that heroin. (Doc. 135, PageID: 958). Defendant admitted that the ingestion of the heroin was a 'but-for' cause of the individual's death. *Id.* Defendant also initialed the Plea Agreement outlining the same factual basis. (Doc. 88, PageID: 582). Defendant's statements in open court, under oath, carry a strong presumption of truth. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Accordingly, Defendant did not suffer any prejudice by relying on Attorney Gentile's advice and enter the Plea Agreement.

### III. CONCLUSION

Plea negotiation is an art and it "presents certain questions further removed from immediate judicial supervision." *Premo v. Moore*, 562 U.S. 115, 125 (2011). As with trial advocacy, counsel is allowed room to exercise his or her craft within the bounds of reasonable professional judgment. Counsel here provided competent advice to Defendant and acted reasonably by not obtaining a private investigator. Defendant's understanding of the Government's burden is misguided and thus cannot support his claim of ineffective assistance of counsel. Accordingly, Defendant's Motion (Doc. 148) is **DENIED**.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3). Since the Court has determined Defendant's ineffective assistance claim to be without merit, Defendant has failed to make a substantial showing that he was denied any

constitutional right.  The Court thus declines to issue a certificate of appealability.  28 U.S.C. § 2253(c)(2); 28 U.S.C. § 2255, Rule 11(a); FED. R. APP. P. 22(b).

**IT IS SO ORDERED.**

 s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**

**Dated: April 6, 2020**